UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYLT, INC.,<br><br>                     Plaintiff,<br>     v.<br><br>WIRELESS ADVOCATES, LLC, et al.,<br><br>                     Defendants. | CASE NO. C19-0646JLR<br><br>ORDER TO SHOW CAUSE AND STRIKING MOTION FOR SUMMARY JUDGMENT AND CORPORATE DISCLOSURE STATEMENT |

This matter comes before the court *sua sponte*. On May 2, 2019, Plaintiff Tylt, Inc. ("Tylt") filed this lawsuit against Defendants Wireless Advocates, LLC ("Wireless Advocates") and Car Toys, Inc. ("Car Toys") (collectively, "Defendants"). (Compl. (Dkt. # 1).) On June 28, 2019, after Defendants filed their answer to the complaint, Defendants filed a corporate disclosure statement. (Corp. Disc. (Dkt. # 13).) The court has reviewed Tylt's complaint and finds that Tylt failed to allege an adequate basis for subject matter jurisdiction. In addition, the court has reviewed Defendants' corporate

disclosure statement and finds that Defendants failed to comply with Western District of Washington Local Civil Rule 7.1. The court therefore orders the parties, within seven days of the date of this order, to serve and file submissions that includes the following information:

Tylt asserts that the court's subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. (Compl. ¶ 4.) For purposes of assessing diversity jurisdiction, the court must consider the domicile of all members of a limited liability company. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* Local Rules W.D. Wash. LCR 8(a) ("If plaintiff is asserting that this court has jurisdiction based on diversity, the complaint must identify the citizenship of the parties, and, if any of the parties is a limited liability corporation (LLC) . . . identify the citizenship of the . . . members of those entities to establish the court's jurisdiction."). Tylt alleges that Defendant Wireless Advocates, LLC ("Wireless Advocates"), is a Washington limited liability company with its principal places of business in Seattle, Washington. (Compl. ¶ 2.) But Tylt fails to allege the citizenship of any of Wireless Advocates' members. (*See generally id.*) Absent such allegations, the court cannot determine if Tylt has properly invoked this court's subject matter jurisdiction based on the parties' diversity of citizenship.[1]

---

[1] The court notes that if any member of Wireless Advocates is itself a limited liability company, Tylt must provide information about the citizenship of the members of that limited liability company as well, which is determined in the same manner described above—namely, by establishing the citizenship of each member. *See Johnson*, 437 F.3d at 899 (examining the citizenship of a limited partnership whose partners included limited liability companies by looking to the citizenship of the members of those limited liability companies). This process

Western District of Washington Local Civil Rule 7.1 states that a party's corporate disclosure statement must identify "any member or owner in a joint venture or limited liability corporation (LLC)." W.D. Wash. LCR 7.1(a)(2). Further, in diversity actions, a party's corporate disclosure statement "must also list . . . those states in which the party, owners, partners, or members are citizens." W.D. Wash. LCR 7.1(b). Defendants' corporate disclosure statement does not comply with either requirement for Wireless Advocates. (*See* Corp. Disc.) Instead, Defendants merely state that Wireless Advocates "has no parent corporation and no publicly held corporation owns 10% or more of its membership interests." (*See id.*)

Accordingly, the court ORDERS Tylt to show cause why this case should not be dismissed for lack of subject matter jurisdiction. If Tylt fails to provide the court with the information described above within seven days of the date of this order, the case will be dismissed without prejudice. Further, because "[f]ederal courts must determine that they have jurisdiction before proceeding to the merits," *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (citations omitted), the court STRIKES Car Toys' pending motion for summary judgment (*see* MSJ (Dkt. # 21)). If Tylt establishes that the court has subject matter jurisdiction over this case, Car Toys may re-note its motion. The court also STRIKES Defendants' corporate disclosure statement (Dkt. # 13) and ORDERS Defendants to file a corporate disclosure statement that complies with Western District of Washington Local Civil Rule 7.1 within seven days of the date of this order. If Defendants fail to file an

---

continues until every layer of limited liability company membership has been reduced to the citizenship of its individual members.

amended corporate disclosure statement that complies with this order, Defendants may be subject to monetary sanctions for their failure to comply with the court's local rules and this order.

Dated this 18th day of March, 2020.

JAMES L. ROBART
United States District Judge